1

2          The Honorable Robert B. Leighton

3

4



5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

10   TIMOTHY DRIVER,                          Case No.: 15-CV-05733-RBL

11                   Plaintiff,

12   vs.                                      AMENDED COMPLAINT FOR
                                              DAMAGES
13   THURSTON COUNTY

14                   Defendant

15

16          Comes now the above named plaintiff and alleges as follows:

17          1. Plaintiff Timothy Driver lives in Thurston County and has been a continuous

18   resident there since the early 1990's.

19          2. Defendant Thurston County ("Defendant") is a political subdivision of Washington

20   State.

21

22          3. All alleged acts and/or omissions of Thurston County offices, departments,

23   divisions, agents, managers, supervisors, employees and representatives, including those of

24   Lieutenant John Price of the Thurston County Sherriff's Office ("Sherriff's Office"), were on

25   behalf of Defendant Thurston County and happened in the scope of their mission,

26   employment, or official duties.

AMENDED COMPLAINT FOR DAMAGES - 1 OF 41

CASE NO.: 15-CV-5733-RBL

4. The original Complaint was filed in the Superior Court of Washington Lewis County on October 1, 2015 in accordance with RCW 36.45.010, RCW 4.96.020, and RCW 36.01.050. Five months earlier, the Plaintiff had filed the prerequisite Claim For Damages form.

5. On October 12, 2015, the Defendant removed the Complaint to United States District Court Western District of Washington at Tacoma.

6. The Plaintiff filed a JURY DEMAND on October 22, 2015.

PRELIMINARY STATEMENT

7. The Complaint is before the court because of a mutual restraining order in Mr. Driver's 2004 divorce decree and the Defendant's interpretation of its scope. The Defendant's interpretation disregards the contents of the divorce decree, findings, and related documents. It disregards the parties' intent, the witnesses' recommendations, and the competency of the attorneys and judge. In 2013 for the first time, the Defendant alleges the restraining order prohibits Mr. Driver from possessing firearms. The Defendant denied Mr. Driver's request to renew his Concealed Pistol License based on this interpretation. The facts do not support the Defendant's interpretation. Mr. Driver now seeks damages, punitive damages, and injunctive relief.

RESTRAINING ORDER

8. The meaning of the restraining order is central to the Complaint. So let's look at the restraining order, the context within which it exists and within which it was created.

AMENDED COMPLAINT FOR DAMAGES - 2 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

9. Mr. Driver was involved in a contentious divorce that ended in May 2004. During a three-day trial, the court was presented with testimony, the results of psychological evaluations, and attorney arguments and pleadings.

10. The mutual restraining order Defendant Thurston County alludes to is found in Mr. Driver's 2004 divorce decree (03-3-00412-1) which is filed with Thurston County Superior Court.

11. Exhibit 1 is a true and accurate copy of the restraining order. It contains three restraints. The first reads, *"The [X] husband [X] wife are restrained from assaulting, harassing, molesting or disturbing the peace of the other party."* It is reasonable to assume this is the part of the restraining order the Defendant is claiming supports its position.

12. The Defendant initially implied its denial was based on RCW 9.41.040. A few days later it explicitly stated its denial is based on Federal law 18 U.S.C. § 922(g)(8).

13. Exhibit 2 is a true and accurate copy of the language of 18 U.S.C. § 922(g)(8).

14. For 18 U.S.C. § 922(g)(8) to apply at least one of the two conditions stated in 18 U.S.C. § 922(g)(8)(C) must exist. In this case, neither do. So it doesn't apply

15. There are no findings of fact in the divorce documents that either party "represents a credible threat to the physical safety" of the other or the children. That is consistent with the fact that there were zero allegations of the use or threatened use of physical force or violence by either party.

16. The restraint is a generic one, lacking explicit language prohibiting the use, attempted use, or threaten use of physical force. Generic versus explicit language example: "Lot knew his wife" versus the description of sexual intercourse found in romance novels.

AMENDED COMPLAINT FOR DAMAGES - 3 OF 41

CASE NO.: 15-CV-5733-RBL

17. Now we look at additional context surrounding the restraint.

18. Exhibit 3 is a true and accurate copy of divorce decree <u>Exhibit A – Community and Separate Property to be Awarded to the Husband</u>. It awards Mr. Driver a portion of the community guns.

19. To head off the argument the award of guns was an oversight or made in error, see Exhibit 4 which is a true and accurate copy of divorce decree Exhibit 33. Exhibit 33 was prepared by Mrs. Driver. The "Y's" (Y = agreed) and "N's " (N = not agreed) are from her perspective. The court agreed with her "Y's" and "N's." With that explained, look at page 2 of Exhibit 4. It shows the Husband [Mr. Driver] was awarded two revolvers. The Wife [Mrs. Driver] a revolver and shotgun.

20. Further evidence the award of community guns was thoughtfully considered can be found in Exhibits 5 and 6.

21. Exhibit 5 is a true, accurate, and redacted page 4 from the Wife's trial memorandum. It agrees with the Guardian-Ad-Litem's recommendation that Mr. Driver should get a portion of the community guns.

22. Exhibit 6 is a true, accurate, and redacted page 13 from the Guardian-Ad-Litem's confidential report. The Guardian-Ad-Litem said she believed Mr. Driver presents a decidedly minimal risk to anyone and should get a portion of the community guns. The court adopted the Guardian-Ad-Litem's recommendation.

23. Exhibit 7 is a true, accurate, and redacted copy of page 3 of the Wife's divorce trial memorandum. It gives insight into what Mrs. Driver was trying to achieve with the post-

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

divorce restraints. "*The wife is willing to lift that order, and will ask that the court enter mutual restraints concerning harassment and prohibiting entry into the home of the other.*"

24. Exhibit 8 is a true and accurate copy of the informal no-contact order Mr. Driver requested at the start of the divorce in 2003. It is the one referenced in Exhibit 6, the Wife's divorce trial memorandum.

25. Now a look at the attorneys who represented the parties and the judge who heard the case. Exhibit 9 is the signature page from the divorce decree. It identifies the attorneys and judge.

26. Mr. Driver had Forrest Wagner as his attorney (WSBA #16580). At the time of the divorce in 2004, Mr. Wagner had been practicing law for over fifteen years. Exhibit 10 is a true and accurate excerpt from Mr. Wagner's home page: http://www.forrestwagnerlaw.com/.

27. Mrs. Driver had Brent Normoyle as her attorney (WSBA #8221). At the time of the divorce in 2004, Mr. Normoyle had been practicing law for over twenty-five years. Exhibit 11 is a true and accurate excerpt from Mr. Normoyle's internet home page: http://www.normoylelaw.com/.

28. Judge Daniel Berschauer presided over the trial. At the time of the divorce in 2004, he had been a Superior Court Judge for twenty years. Exhibit 12 is a true and accurate copy of a February 5, 2004 Thurston County News Release announcing Judge Berschauer was retiring after 28 years of judicial service. The News Release noted "*As a superior court judge, Berschauer has served as president of the Superior Court Judge's Association. He also chaired the Washington State Jury Commission. In 2001 he received the Washington State Bar Association's 'Outstanding Judge Award'.*"

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

29. Federal law18 U.S.C. 922 codifies The Federal Gun Control Act passed in 1968 and amended in 1993 by the Brady Handgun Violence Prevention Act. The codification existed well before Mr. Driver's 2004 divorce.

30. It is reasonable to assume the attorneys and judge were familiar with 18 U.S.C. § 922(g)(8).

31. It is also reasonable to assume the lawyers and judge would NOT conspire to turn Mr. and Mrs. Driver into felons by awarding guns to them while at the same time creating a restraining order that prohibits them from having guns under State or Federal law.

32. We now turn to the sequence of events that led to the Complaint being brought to court.

## SEQUENCE OF EVENTS

33. Mr. Driver applied to renew his Concealed Pistol License on September 6, 2013 with Defendant Thurston County's Sheriff's Office (Sheriff's Office). Exhibit 13 is a true and accurate copy of the receipt Mr. Driver received from the Sheriff's Office.

34. The license being renewed had been issued by the Sheriff's Office after the divorce. Exhibit 14 is a true and accurate copy of the front and back of the Concealed Pistol License Mr. Driver applied to renew.

35. The Sheriff's Office denied Mr. Driver's application in a letter dated October 8, 2013. The letter is signed by Lieutenant John Price. The reason stated for the denial was the existence of a restraining order uncovered during a background check. The letter went on to say that "*A copy of this letter is also being sent to the Department of Licensing Firearms Section.*" A copy of part of RCW 9.41.040, accompanied the letter, implying I would be

AMENDED COMPLAINT FOR DAMAGES - 6 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

guilty of a felony if I were to possess firearms. Exhibit 15 is a true and accurate copy of the October 8, 2013 license denial letter and accompanying attachment from the Sheriff's Office.

36. The Sherriff's Office took action--denied the license, sent a copy of the denial letter to the WA Department of Licensing, and provided denial information to the FBI for input into the National Instant Criminal Background Check System (NICS)--without first contacting the plaintiff, thus precluding him the chance to respond before harm was done.

37. Being quite concerned, Mr. Driver responded to the license denial with a letter to the Sherriff's Office dated October 12, 2013. In the letter he told the Sherriff's Office he believed the denial was in error and based on a negligent background check. He also questioned the reason for the inclusion of RCW 9.41.040 in the denial letter. Exhibit 16 is a true and accurate copy of Mr. Driver's October 12, 2013 letter.

38. The Sheriff's Office "doubled down" in a letter dated October 15, 2013. The letter was signed by Lieutenant John Price. The second letter, like the first, said the application was denied because of the existence of the restraining order in the divorce decree. This time no mention was made of RCW 9.41.040. Instead the letter said, "This is a federal denial based on USC 922(g)(8)." The letter goes on to say, *"As long as the order is in effect you are prohibited from purchasing firearms or obtaining a concealed pistol license by federal law."* Exhibit 17 is a true and accurate copy of the October 15, 2015 letter from the Sheriff's Office. There is nothing in the letter indicating the Sheriff's Office did any further investigation based on Mr. Driver's warning nor does it ask Mr. Driver why he thought the background check was negligent.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

39. Discovery will likely show the Sheriff's Office recklessly ignored Mr. Driver's warning.

40. By this time, the stress caused by the Defendant's actions had begun to take its toll. Mr. Driver began having trouble staying asleep. Night after night, he would wake up in the middle of the night and then not be able to go back to sleep, his thoughts focusing on what had happened, what could happen, and what to do about. He began regularly functioning on just four or five hours of sleep per night. Before the Defendant's actions, Mr. Driver was a sound sleeper who routinely got seven to eight uninterrupted hours of sleep per night. In time, the stress caused Mr. Driver's blood pressure to rise. Mr. Driver began having chest pains and concerns about having a heart attack. Before the Defendant's actions, Mr. Driver had blood pressure readings in the normal range. The stress induced sleep and blood pressure issues continue to this day.

41 After a period of time telling himself he could deal with it, Mr. Driver sought medical help. At the doctor's advice, he is on blood pressure medicine and receiving psychological counseling to deal with the stress and sleep issues.

42. The letters from the Sheriff's Office had the practical effect of endings Mr. Driver's gun rights. He declined invitations to go shooting, to go to gun shows, or to join a gun club. He declined the invitations without explanation.

43. Although the restraining order in Mr. Driver's divorce decree is not a legal basis for the Defendant's actions, Mr. Driver went to the time, trouble, and expense to have it rescinded. That was done on November 5, 2013 via an agreed order. Mr. Driver hoped this would bring the matter to a close.

AMENDED COMPLAINT FOR DAMAGES - 8 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

44. Mr. Driver in a letter dated December 3, 2013 notified the Sherriff's Office that the restraint had been removed. Attached was a copy of the court order removing the restraint. The letter asked for three things: 1) The Concealed Pistol License originally applied for; 2) That a correction be sent to the Department of Licensing; and 3) That a copy of the correction-letter be sent to him. Exhibit 18 is a true and accurate copy of Mr. Driver's December 3, 2013 letter and attachment.

45. Mr. Driver waited months for a reply from the Sherriff's Office. It never came.

46. That prompted Mr. Driver to file a Claim for Damages with Defendant Thurston County's Human Resources Department, Risk Management Division on April 25, 2015. The Risk Management Division acknowledged receipt of the Claim in a letter dated May 6, 2015. Exhibit 19 is a true and accurate copy of the acknowledgment letter.

47. The Risk Management Division denied Mr. Driver's Claim for Damages. The denial came in a letter dated June 2, 2015. In the letter, the Risk Management Division supports the actions and reasoning of the Sherriff's Office. The letter says the Sherriff's Office has no record of ever receiving Mr. Driver's December 3, 2013 letter.

48. Although the Claim for Damages includes a copy of the court order removing the restraining order, there is nothing in the Risk Management Division's letter indicating the Sherriff's Office would or had contacted the Department of Licensing or the FBI about correcting their data so Mr. Driver could now purchase a gun. Exhibit 20 is a true and accurate copy of the Risk Management Division's denial letter.

49. The Sherriff's Office has motive for denying the receipt of Mr. Driver's December 3, 2013 letter and/or destroying it.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

50. Mr. Driver filed a summons and complaint against Defendant Thurston County on October 1, 2015 after other attempts to clear his name, regain his rights, prevent further damage, and receive just compensation had gone nowhere with Defendant Thurston County.

CLAIMS

51. Defendant Thurston County can be held liable for damages arising out of its tortious conduct while performing official duties to the same extent as if it were a private person or corporation under RCW 4.96.010.

52. Defendant Thurston County is an entity which provides services to its residents through its offices, departments, and divisions.

53. The Defendant committed libel and libel per se. It stored information about the Concealed Pistol License denial in its own paper and electronic systems. It sent information about the denial to the WA Department of Licensing and FBI for inclusion in the National Instant Criminal Background Check System (NICS). The denial was based on the Defendant's negligent interpretation of the divorce decree restraining order. The information conveyed injured Mr. Driver by putting him in the class of individuals who the laws holds unfit to own a gun. But it went beyond that by telling these entities and anyone who had access to the information retained by these entities that Mr. Driver would be committing a felony if he were to gain possession of a gun and by implication he had committed a felony in 2004 when he was awarded two revolvers in the divorce decree.

54. Mr. Driver is a private person for the purposes of determining the threshold for defamation.

AMENDED COMPLAINT FOR DAMAGES - 10 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

55. Defendant Thurston County's Sheriff's Office is responsible for processing Concealed Pistol License applications for County residents under RCW 9.41.070.

56. RCW 9.41.070 (1) says in part *"The applicant's constitutional right to bear arms shall not be denied ..."* unless certain conditions exist and *"the sheriff of a county shall within thirty days after the filing of the application of any person, issue a license to such person ..."*

57. RCW 9.41.070 (2)(a) says *"The issuing authority shall conduct a check through the national instant criminal background check system, the Washington state patrol electronic database, the department of social and health services electronic database, and with <u>other agencies or resources as appropriate</u>, to determine whether the applicant is ineligible under RCW 9.41.040 or 9.41.045 to possess a firearm, or is prohibited from possessing a firearm under federal law, and therefore ineligible for a concealed pistol license."*

58. The parts of Mr. Driver's divorce proceedings needed to discern a problem with the Defendant's interpretation of the restraining order are readily available to anyone including the Defendant. By logging onto one of the public computer terminals at the Thurston County Family & Juvenile Court in Tumwater almost all of the information provided in the <u>RESTRAINING ORDER</u> section above can be obtained in a matter of minutes. RCW 9.41.070 (2)(a) imposes a duty to check with "<u>other agencies or resources as appropriate</u>." What resource is more important in this situation than Mr. Driver's divorce proceedings?

59. Within days of the denial, Mr. Driver sent a letter to the Sheriff's Office saying he thought an error had been made. That should have raised a red flag to go back and look at the

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

divorce decree. The Defendant provides no evidence it did. No attorneys were involved in processing Mr. Driver's Concealed Pistol License application.

60. Mr. Driver submitted a Claim For Damages which includes much of the information found in the RESTRAINING ORDER section above. Still the Defendant provides no evidence it went back and locked at the divorce proceeding documents.

61. "With great power comes great responsibility." Improperly denying or approving a Concealed Pistol License applicant can have grave or even fatal consequences. A high level of care is in order. The Defendant is not meeting that level.

62. It is foreseeable mistakes will be made when determining eligibility. Yet the Sheriff's Office does not have a documented set of procedures for processing Concealed Pistol License applications or to insure mistakes are caught before they go out the door.

63. Applications are approved and denied without consulting an attorney.

64. The Defendant does not require special training or classes for those put in charge of processing the Concealed Pistol License applications.

65. Independent audits of the Sheriff's Office's approval/denial processes are not being done.

66. Discovery may uncover additional defects in the processes and controls or lack thereof in the Defendant's processing of Concealed Pistol License applications.

67. What we are looking at is not the negligence of an individual but the negligence of an organization with a yearly budget of roughly $275 million dollars.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

68. Defendant Thurston County's wrongful conduct caused Mr. Driver to suffer physical injury and emotional distress, loss of enjoyment of life, pain and suffering, fear, anxiety, humiliation, and anguish which will be proven at trial and which continue.

69. Because of innate temperament and prior experience with the Defendant, Mr. Driver is especially vulnerable to the specific stresses created by the Defendant actions. The eggshell skull rule applies here.

70. For the past two years, Mr. Driver's right to bear arms has been impaired by the Defendant's actions in violation of RCW 9.41.070 (1), 12. Wash. Const., § 24, and U.S. Const. amend. II. The Defendant has not sent Mr. Driver information stating the denial information sent to the outside entities or stored internally with the Sheriff's Office has been deleted. The right to bear arms has an economic value.

71.  The Defendant's wrongful conduct caused Mr. Driver to suffer lost income. Fearing the further spread of the Defendant's libel, he has not applied for promotional opportunities outside the State agency he works for, has not applied for part-time work to supplement his existing income. The economic loss is measured in the thousands of dollars and continues. Mr. Driver missed more work than normal because of illnesses brought on by stress and going to medical appointments. Mr. Driver took time off to work on the documents involved in this lawsuit. In the future, Mr. Driver will take time off to obtain court rulings ordering the destruction of the spider web of libelous materials.

72. Mr. Driver faces substantial legal costs to obtain court rulings ordering the destruction of the libelous material. Legal costs include but are not limited to consultation, discovery, preparation of subpoenas, taking dispositions, phone calls and letters, preparation

of court documents, scheduling hearings, travel time, court appearances, preparation of court orders, sending the orders to the identified entities where the libelous material resides, confirming destruction, and so on. The legal costs to undo what the Defendant has done is measured in the tens of thousands of dollars.

73. The Defendant's denial and subsequent actions violate the purpose of the Federal Gun Control Act of 1968: *"The Congress hereby declares that the purpose of this title is to provide support to Federal, State, and local law enforcement officials in their fight against crime and violence, and it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity, and that this title is not intended to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes, or provide for the imposition by Federal regulations of any procedures or requirements other than those reasonably necessary to implement and effectuate the provisions of this title."*

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

PRAYER FOR RELIEF

For the reasons stated above, Mr. Driver respectfully asks the Court to grant the

following relief:

**Damages**

| | |
|---|---|
| Punitive Damages (1/20 of 1% of Defendant's Yearly Budget) | $137,500 |
| Right to Bear Arms Infringement ($73,000 X 2 years) | 146,000 |
| Physical & Emotional Damages ($50,000 X 2 years) | 100,000 |
| Legal fees for destruction of libelous material ($150 X 120 hours) | 18,000 |
| Lost Income & Expenses (past & future) | 16,080 |
| Medical Bills (past & future) | 6,0350 |
| Pre-judgement Interest at 2% | |
| Other relief as the Court may deem just. | |
| **Total** | $477,930 |

**Injunctive Relief** – Order the "hard" delete of the denial information stored in paper or electronic format at the Sheriff's Office, WA DOL, and in NICS.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of November, 2015.

_Timothy Driver_
_____
Timothy Driver, Plaintiff

**Certificate of Service**

I hereby certify that on the date below I personally filed the foregoing document with the Clerk of the Court and that I served Defendant Thurston County by depositing a true and correct copy in the United States Mail, postage prepaid, addressed as follows:

John C. Skinder
Senior Deputy Prosecuting Attorney
Civil Division – Building No. 5
2000 Lakeridge Drive SW
Olympia, WA 98502

Date  11-16-2015
_____
Signature  _Timothy Driver_
_____

AMENDED COMPLAINT FOR DAMAGES - 15 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 1 – Divorce decree restraints.

**3.8     CONTINUING RESTRAINING ORDER.**

A continuing restraining order is entered as follows:

The [X] husband [X] wife are restrained from assaulting, harassing, molesting or disturbing the peace of the other party.

The [X] husband [X] wife are restrained from entering the home or other building of the other party, without consent. The parties may enter onto the grounds of the other for purposes of visitation exchanges of the children.

Other: Both parties are restrained from making any disparaging remarks about the other or family members of the other, to or in the presence of any of the parties' minor children.

**VIOLATION OF A RESTRAINING ORDER IN PARAGRAPH 3.8 WITH ACTUAL KNOWLEDGE OF ITS TERMS IS A CRIMINAL OFFENSE UNDER CHAPTER 26.50 RCW AND WILL SUBJECT THE VIOLATOR TO ARREST.  RCW 26.09.060.**

This restraining order supersedes all previous temporary restraining orders in this cause number. Specifically, the restraints involving no contact by the husband of the wife, restraints prohibiting the husband from going to the children's school or day care, and the restraint imposed upon the state of Washington, Department of Retirement Systems, on May 6, 2003 (prohibiting the Department from allowing withdrawal by Timothy P. Driver of any of his retirement benefits), and any previously entered restraining order, are all hereby rescinded.



*DECREE (DCD) (DCLSP) (DCINMG) –*
*WPF DR 04.0400 (9/2001) - RCW 26.09.030; .040; .070 (3)*
*Page 3*

BRENT NORMOYLE
2424 Evergreen Park Dr.
Olympia, WA 98502
(360) 943-5859

AMENDED COMPLAINT FOR DAMAGES - 16 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

## Exhibit 2 – 18 U.S. Code § 922 (g)(8) referred to in Sheriff's Office's second denial letter.

**(g)** *It shall be unlawful for any person—*

...

   *(8) who is subject to a court order that—*

   *(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;*

   *(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and*

   *(C)*

*(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or*

   *(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or*

   *(9) who has been convicted in any court of a misdemeanor crime of domestic violence,*

   *to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.*

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 03 – Exhibit A of the divorce decree

<u>EXHIBIT A</u>

<u>Community and Separate Property to be Awarded to the Husband:</u>

All items of personal property in his possession, including the 1989 Honda (VIN #JHMCA5629KC077417); all items of personal property designated as "yes" in the left margin on petitioner's trial exhibit 33, which is incorporated by reference (the guns to be returned in accordance with the parenting plan); all of his retirement benefits and deferred compensation with the state of Washington; life insurance and social security benefits in his name; all checking, savings, and credit union accounts in his name; all interest in his software business known as Uncle Wang (to which the court ascribes no value); all accrued vacation and sick leave benefits (to which the court ascribes no value); and all assets acquired by him after the separation of March 31, 2003.

There was no community debt assumed by the husband, and the net community assets awarded to him total $24,670.00.

To result in an equal division of net community assets, the wife has paid the husband $33,413.00, and the husband has signed a quit claim deed to the family home, described in Exhibit B, to the wife.

With regard to the 2003 advance child tax credit check of $1,200.00, the husband shall endorse the check in exchange for a $600.00 payment by the wife.

## Debts

The husband has no community debt. He shall pay any credit card or other separate debt in his name, and one-half of the Guardian ad Litem fee (plus the extra fee related to the Guardian ad Litem's motion to require him to undergo the psychological evaluation).

*DECREE (DCD) (DCLSP) (DCINMG) –*
*WPF DR 04.0400 (9/2001) - RCW 26.09.030; .040; .070 (3)*
Page 6

BRENT NORMOYLE
2424 Evergreen Park Dr.
Olympia, WA 98502

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 04 (Page 1 of 2) – Exhibit 33 of divorce decree. Page 2 shows award of guns.

Forrest  Exhibit 33
⊕ = Stuff I want

Feb 10, 204

A = already has    Forrest
Y = agreed
N = not agreed

| Personal Property | Respondent wants/has | Petitioner wants/has | Rspondent Est. Value | Petitioner Est. Value |
|---|---|---|---|---|
| Oak Dressers | 1/0 | 1/2 | 100 | 100 |
| Pine Dresser (Lifestyle) | 1/0 | 2/2 | 60 | 60 |
| Oak Entertainment Center | y/n | y/y | 50 | 0 |
| Oak Coffee Table | y/n | y/y | 20 | 0 |
| Oak Entry Way Bench | n/n | y/y | | 75 |
| Oak Dining Table & Chairs | n/n | y/y | | 175 |
| Oak Computer Desk | n/n | y/y | | 100 |
| Black Computer Chair | n/n | y/y | | 25 |
| Video Racks | 1/0 | 2/2 | 20 | 20 |
| Book Case (Timothy's) | y/n | n/y | | |
| Couch and Love Seat | n/n | y/y | | 125 |
| Brown Chair | n/n | y/y | | 25 |
| Rocking Chair | n/n | y/y | | 20 |
| House Plants – Artificial (10) | 5/2 | 8/8 | 25 | 25 |
| Flower Arrangements | n/n | y/y | | 50 |
| Flower Vases (10+) | 2/0 | ?/8+ | 4 | 16 |
| King Size Bed & Bedding | n/n | y/y | | 90 |
| Master Bedroom Lamps | n/n | y/y | | 20 |
| Metal Filing Cabinets | 2/2 | 4/4 | 40 | 80 |
| Queen sheets, blankets, & comforter | all/some | ?/? | 20 | |
| Sleeping Bags | 1/0 | ?/2 | 10 | 10 |
| Infatable Beds | n/n | y/y | | 20 |
| Bath Towels, Mats, & Washclothes | n/n | y/y | | 0 |
| Entry Way Rugs | n/n | y/y | | 2 |
| TV's | 0/0 | 2/2 | | 50 |
| VCR's | 1/0 | ?/4 3/3 | 10 | 30 |
| Phones | n/n | 3/3 | | 30 |
| Answering Machines | n/n | 2/2 | | 10 |
| Gifts | half/none | ?/all | 20 | 20 |
| Books - Respondent | Yes/Most | ?/Some | 200 | |
| Books - Petitioner | n/n | y/y | | 100 |
| Christmas Decorations (11 boxes) | half/some | ?/most | 55 | 55 |
| Halloween Decorations (6 boxes) | half/none | ?/all | 30 | 30 |
| 4th of July decorations (1 box) | half/none | ?/all | 5 | 5 |
| Thanksgiving Decorations (4 boxes) | half/none | ?/all | 20 | 20 |
| Easter Decorations (3 boxes) | half/none | ?/all | 15 | 15 |
| Saint Patrick Decorations (1 box) | half/none | ?/all | 5 | 5 |
| Christmas Tree Stand | 1/1 | 1/1 | 5 | 5 |
| Records & CDs ✱ | half/few | ?/almost all | 30 | 30 |
| Film Negatives | y/n | ?/y | | |
| Picture Frames - Dozens | half/none | ?/all | 50 | 50 |
| Photo Notebooks - Dozens | half/none | ?/all | 50 | 50 |
| Pictures 1000's | half/none | ?/all | | |
| Blue Computer Chair | n/y | ?/n | | 0 |
| Step Stools | 1/1 | 1/1 | 1 | 1 |
| E-Machine 500mhz + monitor | y/y | ?/n | 75 | |
| 870 Laser Printer | n/n | ?/y | | 0 |
| Refrigerator | n/n | ?/y | | 200 |
| Toaster Oven | n/n | ?/y | | 5 |

Left margin annotations: Y, N, N, N, N, —, N, Y, he he 3, A, A, A, A, Y, Y, A, A, A, N, A, A, Y

⊕ Fishing Stuff

✱ the records are Margo's separate property

AMENDED COMPLAINT FOR DAMAGES - 19 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 04 (Page 2 of 2) – Exhibit 33 of divorce decree. Shows award of two revolvers to husband and one revolver and one shot gun to wife.**

| | | | | |
|---|---|---|---|---|
| Microwave | n/n | ?/y | | 20 |
| China (8 boxes) | n/n | ?/y | | 600 |
| Serving Ware (8 boxes) | n/n | ?/y | | 210 |
| Pots, Pans, Knives, Dishes, & Silverwa | n/n | ?/y | | 100 |
| Kitchen Aid Mixer | y/y | ?/n | 50 | |
| Chinese Clever | y/y | ?/n | 5 | |
| Cutting Board | 1/1 | ?/4 | 1 | 4 |
| Pizza Screens | 4/4 | ?/0 | 4 | |
| Pizza Pans | n/n | ?/y | | 2 |
| Pizza Stone | y/n | ?/y | 1 | |
| Cookie Sheets | 2/2 | ?/4 | 2 | 4 |
| Cooling Racks | 2/1 | ?/4 | 2 | 4 |
| Browine Pan | 1/1 | ?/2 | 2 | 4 |
| Chicago Cutlery | y/y | ?/n | 10 | 0 |
| Hinkle 4 Star & Other Knives | n/n | ?/y | | 20 |
| Sharpening Steel | n/n | ?/y | | 5 |
| Digital Food Scale | y/y | ?/n | 3 | |
| Thermos | 1/1 | 2/2 | 1 | 2 |
| Lantern | 1/1 | 2/2 | 1 | 2 |
| Washer & Dryer | n/n | ?/y | | 150 |
| Upright Vacuum | n/n | ?/y | | 10 |
| Canister Vacuum | y/n | ?/y | 10 | 0 |
| Rolls of Metal Fencing | n/n | ?/y | | 30 |
| Gorilla Racks (this was sittled) | 1/0 | ?/3 | 20 | 40 |
| Picnic Table | y/n | ?/y | 35 | 0 |
| Lawns Chairs (5) | n/n | ?/y | | 10 |
| Fireworks | n/n | y/y | | 100 |
| Trailer | y/n | ?/y | 200 | 0 |
| Lawn Tractor | n/n | ?/y | | 500 |
| Electric Mower | y/n | ?/y | 75 | 0 |
| Weed Wacker | n/n | ?/y | | 15 |
| Gas Cans | n/n | ?/y | | 5 |
| 8 Foot Ladder | n/n | ?/y | | 40 |
| Mole Traps | n/n | ?/y | | 10 |
| Pruning Saw | n/n | ?/y | | 3 |
| Pruning Shears (large & hand) | n/n | ?/y | | 6 |
| Wheelbarrow 6 cubic ft | y/n | ?/y | 10 | |
| Wheelbarrow 4 cubic ft | n/n | ?/y | | 5 |
| Shop Vac 16 gallon | n/n | ?/y | | 10 |
| Rakes (3' ft, bow, adjustable, & leaf) | n/n | ?/y | | 20 |
| Fertizler Spreader – Push | n/n | ?/y | | 10 |
| Fertizler Spreader – Hand | n/n | ?/y | | 5 |
| Hoes (regular & hula) | n/n | ?/y | | 5 |
| Snow Shovel | n/n | ?/y | | 5 |
| Brooms (push & regular) | n/n | ?/y | | 5 |
| Bug Zapper | n/n | ?/y | | 3 |
| Garbage Cans | n/n | ?/y | | 20 |
| Revolver 357 Magnum | 1/n | ?/2 | 328 | 328 |
| Revolver 38 | y/n | ?/y | 320 | |
| Shotgun | n/n | ?/y | | 200 |
| Plumbing Snake 25' | n/n | ?/y | | 5 |

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

## Exhibit 05 – Wife's divorce trial memorandum, page 4.



<u>GUNS</u>

The GAL, pursuant to court order, has made recommendations with regard to conditions under which they should be returned. The wife's parenting plan adopts those recommendations.

Petitioner's Trial Memorandum 4 of 7

BRENT NORMOYLE
2424 Evergreen Park Dr.
Olympia, WA 98502
(360) 943-5859

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 6 (page 1 of 2) – Page 13 from Guardian-Ad-Litem's confidential report.**

13



12.  In regards to the gun issue, I recommend that Mr. Driver's guns be returned to him

two months from the date that the Final Decree of Dissolution is entered, provided that

they are equipped with trigger locks and/or kept in a gun safe.  While I believe that he

presents a decidedly minimal risk to his wife or anyone else, I am aware that he did

experience transitory symptoms suggestive of impaired reality contact following his initial

separation with his wife, i.e. thinking that her parents may be out to kill him, etc.  In the

outside change that the final divorce precipitate some further major situational stress for

him, thereby increasing the risk factor somewhat, I believe that it does no harm to anything

AMENDED COMPLAINT FOR DAMAGES - 22 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 6 (page 2 of 2) – Page 14 from Guardian-Ad-Litem's confidential report.**

other than Mr. Driver's pride, to allow his portion of the community guns to stay in his wife's care until the dust settles slightly. I am much more concerned about the fact that he believes it appropriate to maintain loaded guns in his residence and wants to introduce the children to their proper care now. I doubt that Amy has any interest in this, Sam is much too young, and Ben is way too impulsive, even reckless, to be around guns at all, pellet guns included. I recommend that the court order better safekeeping for the guns when they are returned to Mr. Driver's possession, and also prohibit their exhibition or use around the children until the children are considerably older.

AMENDED COMPLAINT FOR DAMAGES - 23 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Exhibit 7 (Page 1 of 2) – Page 3 of wife's divorce trial memorandum.**



<u>RESTRAINTS</u>

Initially, standard restraints were put into effect  At the request of the <u>husband</u>  there was a

Petitioner's Trial Memorandum 3 of 7

BRENT NORMOYLE
2424 Evergreen Park Dr
Olympia, WA 98502
(360) 943-5859

AMENDED COMPLAINT FOR DAMAGES - 24 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 07** (Page 2 of 2) – Page 4 of wife's divorce trial memorandum.

1    voluntary (not court-ordered) no contact agreement, with the communication handled by attorneys.

2    ███████████████████████████████████████████████████████

3    ███ more restrictive restraints were put into place, including a formal no contact order. The wife is

4    willing to lift that order, and will ask that the court enter mutual restraints concerning harassment and

5    prohibiting entry into the home of the other.

Petitioner's Trial Memorandum 4 of 7

BRENT NORMOYLE
2424 Evergreen Park Dr.
Olympia, WA 98502
(360) 943-5859

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 08** – **Husband's request for informal no-contact order at start of divorce referred to in wife's trial memorandum.**

## ASCHER & DENTON, PLLC

*Attorneys at Law*
3285 Ferguson Street SW, Suite 105
Tumwater, Washington 98512
Phone: (360) 357-8669
Fax: (360)357-9623

<u>Attorneys</u>
James M. Ascher
Melissa Denton
Michael DeWitt
Melissa K. Goldmann

<u>Legal Intern</u>
Kristin Bishopp

<u>Legal Assistant</u>
Dee Sharp

April 4, 2003

Brent Normoyle, Attorney at Law
1800 Cooper Point Road SW, Bldg. 3
Olympia, Washington 98502

Re:  Marriage of Driver
      Sent via fax @ (360)534-0449 and U.S. Mail.

Dear Brent:

I have enclosed a letter from my client that includes a few requests stemming from some of the issues that were discussed yesterday.

Primarily, my client has decided that he would like all communication between the parties to go through the attorneys, pending any emergencies regarding the children or the like.  Further, he respectfully asks that Mrs. Driver, or her relatives, not enter the property or family home until he has moved out.  However, he is willing to set up a pre-arranged time (through the attorneys) for her to come over if she needs something from the home for the children or her personal needs.

Secondly, similar to the restraints place upon my client regarding Mrs. Driver's parents, my client would like to request that Mrs. Driver not contact his friends or relatives for the time being.

Lastly, regarding the photos, my client is very adamant about retaining 50% of the negatives regarding his family, friends, children, and wedding photographs.  I understand that Mrs. Driver has removed all of the photographs and negatives from the home, and he would like them returned.  He is willing to arrange a time where the parties can go through the photographs and negatives together, and decide how they will be divided.

Please also see the enclosed letter from my client, explaining his requests in his own words.  Please call me with any questions you may have, or any response from your client regarding the matters discussed above.

Sincerely,

*Melissa Goldmann*

Melissa K. Goldmann
Attorney at Law

Enclosure
cc:  Client
oc.102 ·

AMENDED COMPLAINT FOR DAMAGES - 26 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

## Exhibit 9 – Signature page from the divorce decree

3.13   NAME CHANGES.

Does not apply.

3.14   OTHER.

The wife shall have the exclusive right to claim the mortgage interest and real property tax deductions relating to the family home on her 2003 tax return.

Dated this ___7^th___ day of ___May___, 2004

<u>D___ ___ </u>
JUDGE

Presented by:

Copy received; approved for entry:

<u>Brent N___</u>
BRENT NORMOYLE, attorney for Petitioner
WSBA #8221

<u> </u>
FORREST WAGNER, attorney for Respondent
WSBA #16580

BRENT NORMOYLE
2424 Evergreen Park Dr.
Olympia, WA 98502
(360) 943-5859

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 10 – About husband's divorce attorney Forrest Wagner as of November 2015.**

### A Word About Forrest and His Practice

Forrest has been practicing in Thurston County since 1986, emphasizing family law and criminal defense. Over the course of his career, not only have his substantial litigation skills been finely honed in the crucible of the courtroom, but his approach to the practice of law has been enriched with wisdom, common sense, and a zeal for justice of which his clients have been the fortunate beneficiaries. Forrest brings to his craft a thorough knowledge of the law and a passionate commitment to quality in the three areas that matter most-- performance, product and service.

Forrest's unique signature skill is his capacity to communicate, both in courtroom argument and in the equally important written word. He has learned that the key to the effective practice of law can be boiled down to a single word-- communication. The written and spoken word is the coin of the realm in the practice of law, and Forrest always delivers on behalf of his fortunate clients.

While he relishes a good argument and enjoys the rough and tumble of the courtroom, Forrest also appreciates that lawyers always get to walk away from the wreckage left in the wake of litigation. He understands that children and parties are generally better served if they can avoid the rancor of litigation. Therefore, Forrest strives to assist the parties in reaching equitable agreements to resolve their legal problems.

Unfortunately for many family law clients, their only shot at justice requires that they fight for it. That is a fight Forrest is always ready for.

http://www.forrestwagnerlaw.com/

AMENDED COMPLAINT FOR DAMAGES - 28 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

1
2

**Exhibit 11 – About wife's divorce attorney Brent Normoyle as of November 2015.**

3
4

## AN EXPERIENCED LAWYER TO HANDLE YOUR LEGAL AFFAIRS

### PRACTICING LAW IN WESTERN WASHINGTON SINCE 1978

5
6

I was born and raised in Olympia and am a graduate of North Thurston High School and The Evergreen State College.

7
8

After graduating from Willamette College of Law in Salem, Oregon, in 1977 I went to work for respected, long-time Olympia lawyer Don Miles. After a few years, I decided to hang up my own shingle, first in Port Angeles, then Olympia. For more than 30 years I have been in private practice, although I have also worked part-time as a deputy prosecuting attorney, a public defender, and as adjunct faculty at Saint Martin's University, South Puget Sound Community College, and Peninsula College.

9
10
11

I have been involved in numerous community activities including Bread & Roses, Thurston County Volunteer Legal Clinic, Friends of the Olympia Library, Providence St. Peter Christmas Forest, as a member of the Board of Directors of KOKUA (a non-profit providing assistance to the developmentally disabled), K-12 parent volunteer, and Little League and Babe Ruth coach.

12

I have given these seminar presentations to lawyers:

13
14

- Tips on screening medical malpractice cases
- Settlement of claims of injured children
- Efficient disposition of civil cases

For the most part, I represent individuals and small businesses, not large corporations or insurance companies.

15
16

Please see the "Areas of Practice" section for information regarding my legal experience and areas of practice.

17

**http://www.normoylelaw.com/**

18
19
20
21
22
23
24
25
26

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 12** – About Judge Daniel Berschauer
who presided over the divorce proceedings.

# Thurston County
### Washington

Capital County of Washington State

| | | |
|---|---|---|
| Questions and/or inquiries regarding News Release content should be directed to the Thurston County Public Information Officer: **John Tennis**, 360-709-3073. | **Thurston County News Release**<br><br>**Return to News Releases Page**<br>**Thurston County Home Page** | County Commissioners:<br><br>**Cathy Wolfe** District One<br>**Diane Oberquell** District Two<br>**Robert N. Macleod** District Three |

FOR IMMEDIATE RELEASE: Thursday, February 5, 2004

Contact:     Dan Berschauer, Thurston County Superior Court Judge, 360-709-3232

### Longtime Superior Court Judge Announces He Will Not Run Again

After 28 years of judicial service, Superior Court Judge Daniel Berschauer has announced that he will not seek re-election to a sixth term. Judge Berschauer started his judicial career in February of 1976 as a part-time court commissioner in Thurston County District Court. In 1978 he was elected as the second district court judge. In 1984 Berschauer was elected without opposition to the Thurston County Superior Court and has run unopposed in all subsequent elections.

Berschauer was born and raised in Thurston County. After graduating from Olympia High School, he completed his education at the University of Washington, graduating from the School of Business and the School of Law. He is a graduate of the National Judicial College.

As a superior court judge, Berschauer has served as president of the Superior Court Judges' Association. He also chaired the Washington State Jury Commission. In 2001 he received the Washington State Bar Association's "Outstanding Judge Award."

Berschauer says that he has not committed to a specific plan when he completes his term of office in January of 2005 but emphasizes his desire to continue to support the rule of law and remain active in community affairs. Judge Berschauer is married to Phyllis Edwards. They each have two adult children. They plan to continue to make their home in Thurston County.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 13 - Concealed Pistol License renewal receipt.

**00033633**

### Thurston County Sheriff's Office
### 2000 Lakeridge Dr. SW
### Olympia, WA  98502
### (360) 786-5500

## RECEIPT

| Receipt Number | Received From | Service | Qty. | Fee Each | Fee Ext. |
|---|---|---|---|---|---|
| 00033633 | Timothy Driver | | | | |
| | | CPL - Late Renewal | 1 | $42.00 | $42.00 |
| | | CPL - Lamination | 1 | $1.00 | $1.00 |
| | | | | Total Fees | $43.00 |
| | | | | Amount Received | $43.00 |
| | | | | Paid By | Cash |

Friday, September 06, 2013 10:45:28 AM          zimbelj                               Page 1 of 1

AMENDED COMPLAINT FOR DAMAGES - 31 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 14** – **Concealed Pistol License plaintiff was trying to renew.**

| License number | ☑ Original<br>☐ Renewal<br>☐ Late<br>☐ Replacement | | Expires | | |
|---|---|---|---|---|---|
| | | | MO. 09 | DAY 02 | YR. 13 |

**E 759999**

State of Washington
License to carry concealed pistol

| Last name | First | Middle |
|---|---|---|
| DRIVER, TIMOTHY PAUL | | |

Residential street address
**3026  CHELSEA CT**

| City | State | ZIP Code |
|---|---|---|
| OLYMPIA | WA | 98502 |

| Driver license number or state ID | Race |
|---|---|
| DRIVETP42202 | W |

| Birthday | Sex | Height | Weight | Eyes | Hair |
|---|---|---|---|---|---|
| | M | 6, 00 | 150 | HAZ | BRO |

SIGN ABOVE AND CARRY WITH YOU

| X | Mo. | Day | Year | M/F | Ft. | Inches | Lbs. | Color | Color |
|---|---|---|---|---|---|---|---|---|---|

The person described hereon is licensed to carry concealed pistols as
described by law until the expiration date shown above.
**RENEW 30-90 DAYS PRIOR TO EXPIRATION DATE**

**THURSTON COUNTY SHERIFF'S OFFICE**

Issuing agency
**WA0340000**           Issued By  1V327

ORI number

X _Signature_

Signature of licensing authority

You must have your concealed pistol license in your immediate possession at all times
that you are required by law to have a concealed pistol license, and you must display it
upon demand to any police officer or to any other person when and if required by law to
do so. Failure to do so is a class 1 civil infraction, and you will be punished accordingly
under RCW 7.80.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 15** (Page 1 of 3) – Sheriff's Office's initial denial letter.

 # THURSTON COUNTY SHERIFF'S OFFICE

**JOHN D. SNAZA**
Sheriff

W A S H I N G T O N
SINCE 1852

**Timothy P. Braniff,** Undersheriff
**David A. Pearsall,** Chief Deputy
**Bradley J. Watkins,** Chief Deputy
**Todd L. Thoma,** Chief Deputy
**Joan A. Plaja,** Fiscal Manager

2000 Lakeridge Drive SW • Olympia, Washington 98502-6045 • (360) 786-5500

October 8, 2013

Timothy Paul Driver
6426 Tralee Dr NW
Olympia, Wa 98502

RE: Concealed pistol license #**TC0005008   DENIAL**

Mr. Driver,

During a background investigation by Thurston County Sheriff's Office, it was noted that you
are a respondent in a current **Restraining Order** (No. 03-3-00412-1) from the **Thurston County
Superior Court**

As a result, your application for concealed pistol license **# TC0005008 is denied.**  A copy of this
letter is also being sent to the Department of Licensing Firearms Section.

If you have any questions regarding this correspondence, you may contact me directly.

Sincerely,

Lieutenant  John Price
(360) 786-5657

AMENDED COMPLAINT FOR DAMAGES - 33 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 15 (Page 2 of 3) – Attachment to Sheriff's Office's initial denial letter.

RCW 9.41.040
## Unlawful possession of firearms — Ownership, possession by certain persons — Penalties.

(1)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.

(b) Unlawful possession of a firearm in the first degree is a class B felony punishable according to chapter 9A.20 RCW.

(2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:

(i) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under subsection (1) of this section, or any of the following crimes when committed by one family or household member against another, committed on or after July 1, 1993: Assault in the fourth degree, coercion, stalking, reckless endangerment, criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person from a residence (RCW 26.50.060, 26.50.070, 26.50.130, or 10.99.040);

(ii) After having previously been involuntarily committed for mental health treatment under RCW 71.05.320, *71.34.090, chapter 10.77 RCW, or equivalent statutes of another jurisdiction, unless his or her right to possess a firearm has been restored as provided in RCW 9.41.047;

(iii) If the person is under eighteen years of age, except as provided in RCW 9.41.042; and/or

(iv) If the person is free on bond or personal recognizance pending trial, appeal, or sentencing for a serious offense as defined in RCW 9.41.010.

(b) Unlawful possession of a firearm in the second degree is a class C felony punishable according to chapter 9A.20 RCW.

(3) Notwithstanding RCW 9.41.047 or any other provisions of law, as used in this chapter, a person has been "convicted", whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals. Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state. A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence. Where no

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

## Exhibit 15 (Page 3 of 3) – Attachment to Sheriff's Office's initial denial letter.

record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge.

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

## Exhibit 16 – Plaintiff's response to Sheriff's Office's initial denial letter.

October 12, 2013

Lieutenant John Price
2000 Lakeridge Drive SW
Olympia, WA 98502-6045

RE: Denied concealed pistol license #TC0005008

Lieutenant Price,

I have reason to believe the Sheriff's Office denied my request for a concealed weapons permit and sent a copy of that denial to Department of Licensing (DOL), Firearms Section in error and based upon a negligent background check.

In your letter dated October 8, 2013, you say my request was denied because I am "a respondent in a current Restraining Order (No. 03-3-00412-1) from Thurston County Superior Court." I ask that you send me the date and language of the restraining order the denial is based upon.

Also in your letter, you say a copy of your letter is being sent to DOL. What is the purpose for doing that and what effect will it have on my ability to buy or use a gun?

Accompanying your letter was a portion of RCW 9.41.040. What is the purpose of sending me that?

I look forward to a timely written response. Mail should be sent to:

Timothy Driver<br>
6426 Tralee Drive NW<br>
Olympia, WA 98502

Respectfully,

Timothy Driver

AMENDED COMPLAINT FOR DAMAGES - 36 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 17– Sheriff's Office's second denial letter.



# THURSTON COUNTY SHERIFF'S OFFICE

**JOHN D. SNAZA**
Sheriff

W A S H I N G T O N
SINCE 1852

Timothy P. Braniff, Undersheriff
David A. Pearsall, Chief Deputy
Bradley J. Watkins, Chief Deputy
Todd L. Thoma, Chief Deputy
Joan A. Plaja, Fiscal Manager

2000 Lakeridge Drive SW • Olympia, Washington 98502-6045 • (360) 786-5500

October 15, 2013

Timothy Paul Driver
6426 Tralee Drive NW
Olympia, WA  98502

Re:  Concealed Pistol License #TC0005008 DENIAL

Mr. Driver,

Your application for a concealed pistol license was denied because you are a respondent in a current Restraining Order (No. 03-3-0412-1) from the Thurston County Superior Court. You can request a copy of this order from the Thurston County Superior Court, Family Court Division on Mottman. This is a federal denial based on USC 922(g)(8).

DOL is required to have information on all denials.  As long as the order is in effect you are prohibited from purchasing firearms or obtaining a concealed pistol license by federal law.

If you have any questions regarding this correspondence, you may contact me directly.

Sincerely,

Lieutenant John Price
(360)786-5657

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 18** (Page 1 of 2) - Plaintiff's letter asking Sheriff's Office for remedies.

December 3, 2013


Lieutenant John Price
2000 Lakeridge Drive SW
Olympia, WA 98502-6045


Re: Concealed pistol license #TC0005008 Denial


Lieutenant Price,

I ask the Sheriff's Office to do the following:
- Issue the concealed pistol license I applied for on September 6, 2013.
- Send the appropriate correction to DOL.
- Send me a copy of the correction sent to DOL.

A copy of the order removing the mutual restraining order of 2004 is attached.

Mail should be sent to:

Timothy Driver
6426 Tralee Drive NW
Olympia, WA 98502

Respectfully,

*[signature: Timothy Driver]*

Timothy Driver

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

# Exhibit 18 (Page 2 of 2) – Order rescinding divorce decree restraints.

```
                                    FILED
                              SUPERIOR COURT
                           THURSTON COUNTY, WA

                           2013 NOV -5 PM 1:43

                           BETTY J. GOULD. CLERK
```

## Superior Court of Washington
## County of Thurston

In re:

MARGO J. DRIVER

                                    Petitioner(s),

and

TIMOTHY P. DRIVER

                                    Respondent(s).

No. 03-3-00412-1

**Order re: Removal of mutual restraining order**

**(Optional use)**
**(OR)**
**[ ] Clerk's action required**

---

I, Timothy Driver, presented a motion for order re: Removal of mutual restraining order to this court.

The court having considered the motion, declaration(s), testimony and the court file, and finding good cause, *It is Ordered*: The continuing restraining order contained in the 2004 divorce decree is rescinded.

Dated: 11\5\13

                                    Judge/Commissioner

Presented by:                       Approved for entry:     JONATHON EACK
                                    Notice of presentation waived:

_____     _____ /WSBA # 8221
Signature of Party or Lawyer/WSBA No.   Signature of Party or Lawyer/WSBA No.

Timothy Driver                      Brent Normoyle
Print or Type Name                  Print or Type Name

Order (OR) - Page 1 of 1
WPF DRPSCU 01.0150 (6/2006)

AMENDED COMPLAINT FOR DAMAGES - 39 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

**Exhibit 19 – Risk Management Acknowledgment Letter**



**THURSTON COUNTY**
W A S H I N G T O N
SINCE 1852

COUNTY COMMISSIONERS

Cathy Wolfe
District One

Sandra Romero
District Two

Bud Blake
District Three

# HUMAN RESOURCES

Lauren Spurgeon, Interim Director

### Risk Management Division

May 6, 2015

Timothy P Driver
6426 Tralee Drive NW
Olympia, WA 98502

**Re: Your Claim for Damages**
**Date of Incident 10-8-2013**
**Thurston County Claim No. TH-DRI042715**

Dear Mr. Driver:

This office has received the claim for damages form that you filed. We are reviewing the claim and may contact you as our review progresses.

If you should have questions about your claim, please contact Christopher Curtis, Risk Analyst at (360) 786-5498 extension 6471 or at the address below.

Sincerely,

*Neysa Caywood*

Neysa Caywood
Human Resources Specialist

Mailing Address: 2000 Lakeridge Drive SW, Olympia, Washington 98502-6045
Location: 929 Lakeridge Drive SW, Room 202, Olympia, Washington 98502-6060
(360) 786-5498 TDD: (360) 754-2933 FAX: (360) 357-2489

AMENDED COMPLAINT FOR DAMAGES - 40 OF 41

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409

CASE NO.: 15-CV-5733-RBL

**Exhibit 20 – Risk Management Denial Letter**

**THURSTON COUNTY**
**W A S H I N G T O N**
SINCE 1852

COUNTY COMMISSIONERS

Cathy Wolfe
District One

Sandra Romero
District Two

Bud Blake
District Three

**HUMAN RESOURCES**
Lauren Spurgeon, Interim Director

**Division of Risk Management**

June 2, 2015

Timothy Driver
6426 Tralee Drive 98502
Olympia, WA 98502

Re: Claim for Damages TH-DRI042715

Dear Mr. Driver,

You allege in your claim that the Thurston County Sheriff's Office (TCSO) was negligent in handling your concealed weapon permit and committed libel. From your narrative it appears that you believe the basis of your claim is that the permit was not approved after you cleared a restraining order that was in place at the time you applied.

The facts as presented by you and confirmed here are that you applied for a concealed weapon permit on 09/06/13. You requested that the application be reviewed and alleged it was denied in error in a letter dated 10/08/13. TCSO reviewed your application and explained why it could not be approved in a letter dated 10/15/13. On 11/05/13 you successfully petitioned the Superior Court to lift the restraining order and cleared your record

You further claim that you wrote a letter to the TCSO dated 12/02/13 and received no response. The TCSO has no record of receiving your letter nor any record of any other contact by you. Had they received your letter they would have explained that you would need to re-apply and pay the fee for the second background check.

Once the Court lifted the restraining order, there was nothing prohibiting you from carrying a weapon openly or engaging in the activities involving firearms previously prohibited by it. Therefore, there is no basis for a claim based upon a Second Amendment violation. I have concluded that the TCSO was not negligent in any way and your claim for damages is respectfully denied.

Sincerely,

*Christopher R. Curtis*

Christopher R. Curtis
Risk Analyst

Mailing Address: 2000 Lakeridge Drive SW, Olympia, Washington 98502-6045
Location: 929 Lakeridge Drive SW, Room 202, Olympia, Washington 98502-6060
(360) 786-5498 TDD: (360) 754-2933 FAX: (360) 357-2489

AMENDED COMPLAINT FOR DAMAGES - 41 OF 41

CASE NO.: 15-CV-5733-RBL

TIMOTHY DRIVER
6426 TRALEE DR NW
OLYMPIA, WA 98502
(360) 866-0409