HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DRIVER,

    Plaintiff,

v.

THURSTON COUNTY,

    Defendant.

CASE NO. 3:15-cv-05733-RBL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO COMPEL INITIAL DISCLOSURE AS MOOT

[Dkt. #24 and Dkt. #28]

THIS MATTER is before the Court on defendant Thurston County's Motion for Summary Judgment [Dkt. #24] and plaintiff Timothy Driver's Motion to Compel Initial Disclosure [Dkt. #28].[1] This case involves the Thurston County Sheriff's Office's 2013 denial of Driver's application to renew his Washington State concealed pistol license.

In processing the application, the sheriff's office conducted a standard background check that revealed a restraining order against Driver as part of his 2004 divorce. Although Thurston County had issued Driver's original concealed pistol license in 2008, four years after the order, it denied his 2013 application under the Brady Handgun Violence Prevention Act, which prohibits anyone subject to a qualifying order from possessing or receiving a firearm in or affecting

---

[1] Summary judgment renders Driver's motion moot, and the Court does not consider it on the merits.

1  interstate commerce. 18 U.S.C. § 922(g)(8). Thurston County offers no explanation for its
2  differing conclusions about Driver's eligibility to purchase firearms in 2008 and 2013.

3        Driver appealed, likely because nothing had changed between 2008 and 2013, and
4  suggested the county had erred. The county rejected his appeal and, per state law, notified
5  various agencies of the denial. Driver successfully petitioned Thurston County Superior Court to
6  rescind the disqualifying order. Driver claims he sent a copy of the rescinding order to the
7  sheriff's office, along with another letter requesting the pistol license. The county received notice
8  of rescission from the court but denies receiving Driver's final letter.

9        Driver argues the 2004 order does not trigger federal prohibitions and alleges the county
10 wrongfully denied his application. In April 2015, Driver filed a claim for damages with Thurston
11 County [Dkt. 26, Ex. A], which the county denied in a letter dated June 2, 2015 [Dkt. #26, Ex.
12 B]. On October 1, 2015, Driver sued in state court, asserting negligence (in the background
13 check) and libel (in notifying the Department of Licensing of the denial). [Dkt. #6]. Driver
14 claims he has suffered physical injury, emotional distress, and economic loss resulting from the
15 county's wrongful denial of his concealed pistol license application. He further alleges wrongful
16 infringement of his Second Amendment right to bear arms. Driver claims total compensatory and
17 punitive damages of $477,930 and seeks a "hard delete" of his denial records.

18       Thurston County removed the case to federal court on the basis of federal question
19 jurisdiction over Driver's Second Amendment claims under 28 U.S.C. § 1331. The county now
20 seeks summary judgment, arguing its only duty was to interpret the text of a court order and it
21 met that duty when it reviewed Driver's application. Driver argues the sheriff's office had a duty
22 to analyze and interpret the order in the context of his entire divorce decree, and that it breached
23 this duty when it denied his application. Driver also argues the 2004 restraining order was not a
24 "qualifying order" under federal law.

## I. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court views all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. Where the parties contest the legal significance of undisputed underlying facts, summary judgment may be appropriate. *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1523 (9th Cir. 1994), *cert. denied*, 513 U.S. 965 (1994).

## II. DISCUSSION

Driver's claims turn on whether the 2004 restraining order was a qualifying order under federal law and whether the Thurston County Sheriff's Office had a duty to review the entirety of his divorce proceedings or just the text of the order. The material facts necessary to answer these

questions are undisputed. In his argument against summary judgment [Dkt. #31], Driver mischaracterizes disputes about the legal inferences this court should draw from undisputed facts as disputes about the facts themselves. But because there is no actual dispute about the material facts, there is no genuine issue for trial. Summary judgment is therefore appropriate. *Anderson*, 477 U.S. at 250; *Union Sch. Dist.*, 15 F.3d at 1523.

**A.  The 2004 restraining order was a qualifying order under federal law.**

An issuing authority like the Thurston County Sheriff's Office may properly deny an application for a concealed pistol license if after a background investigation it determines state or federal law prohibits the applicant from possessing a firearm. RCW 9.41.070(2)(a); RCW 9.41.070(1)(a). A court order against the applicant that meets several statutory requirements triggers such a federal prohibition. 18 U.S.C. § 922(g)(8). If the 2004 restraining order triggered this prohibition, as Thurston County concluded, the denial was proper. If it did not, the county denied Driver's application in error.

Under federal law, a court order that meets three inclusive criteria bars an individual from possessing firearms. First, the order must have been issued after a hearing of which the individual received actual notice and at which the individual had an opportunity to participate. 18 U.S.C. § 922(g)(8)(A). Second, it must restrain the individual from harassing, stalking, or threatening an intimate partner. 18 U.S.C. § 922(g)(8)(B). Third, the order must include either an express finding that the subject of the order presents a credible threat or an express prohibition of the use of physical force. A qualifying order:

> (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . .

18 U.S.C. § 922(g)(8)(C).

The parties agree that the 2004 order satisfies the first two conditions. Regarding the hearing requirement, Driver's attorney signed the decree of dissolution, issued after a multi-day trial, and Driver has not alleged any process failures in its issuance. Dkt. #27, Ex. A at 4. The plain text of the order meets the second statutory requirement: "The . . . husband [and] wife are restrained from assaulting, harassing, molesting or disturbing the peace of the other party." Dkt. #27, Ex. A, at 3. By its terms, the order restrains both Driver and his former wife (clearly an intimate partner) from harassing the other. Driver does not allege the order fails to meet this second requirement.

The parties disagree about whether the order satisfies the statute's third requirement. There is no finding in the 2004 order that Driver is a credible threat to the safety of his former wife, so the 2013 denial rests on the second prong: an explicit prohibition of physical force that would reasonably be expected to cause bodily injury. 18 U.S.C. § 922(g)(8)(C)(ii). The 2004 order restrains Driver and his former wife from "assaulting . . . the other party." Dkt. #27, Ex. A, at 3. Assault is by definition physical force that would reasonably be expected to cause bodily injury. An assault prohibition is therefore just the type of explicit prohibition contemplated by the statute. For this reason, the 2004 order on its face satisfies § 922(g)(8)(C)(ii).[2]

**B.  Thurston County had no duty to review Driver's restraining order in context.**

Driver argues that Thurston County Sheriff's Office should have read the full 2004 Decree of Dissolution, not just the restraining order, and that a full reading would have shown

---

[2] The Court conducts this analysis independently. Thurston County relies instead on case law holding that a restraint on molesting or disturbing the peace necessarily restrains its subject from violence. *State v. Turner*, 118 Wn. App. 135, 142–43 (2003). On this basis the county argues the 2004 order's disturb-the-peace prohibition satisfies the requirement for an express prohibition of physical force. But extending this logic to statutory interpretation would nullify the requirement that a qualifying order "by its terms explicitly prohibit" physical force. 18 U.S.C. § 922(g)(8)(C)(ii). Thus, the county argues essentially that a statute whose text demands an explicit prohibition does not actually demand an explicit prohibition. The Court instead holds that the order satisfies plain statutory text.

1  the issuing court did not think he posed a risk of violence. In effect, even when a check reveals
2  an order that by its text satisfies statutory requirements for prohibition, Driver would require an
3  issuing authority to review all associated court proceedings and interpret the order in their light.

4         This argument fails on several levels. First, the federal statute at issue bases the criteria
5  for a qualifying order on the text of the order itself. 18 U.S.C.(g)(8)(C). Even if a comprehensive
6  review of Driver's divorce decree would have led the sheriff's office to conclude he presented no
7  risk of violence, the point is moot: the statute limits an individual's right to obtain firearms based
8  solely on the express terms of the order—not based on what some behind-the-scenes
9  investigation might reveal about its true intent. Id. Driver's argument may accord with a more
10 nebulous legislative desire to limit potentially violent individuals' access to guns, but approving
11 a license based on a close reading of an express order's context would require the issuing
12 authority to ignore the unambiguous text of a federal law—a result this court cannot abide.

13        Second, neither state law nor common sense support finding that an issuing authority's
14 duty of care includes the type of holistic and individualized review Driver seeks. Under state
15 law, after receiving notice from a court, a law enforcement agency's duties regarding restraining
16 orders in dissolution decrees are limited to recording their existence and removing notice of the
17 orders when they are modified or terminated. RCW 26.09.050(4). These limited requirements
18 suggest that as a default, a law enforcement agency's duties regarding restraining orders arising
19 from dissolution are more administrative than substantive.

20        Processing requirements for concealed pistol license applications further support this
21 view. State law creates only mechanistic and procedural duties for an issuing authority, which
22 must conduct a background check "through the national instant criminal background check
23 system, the Washington state patrol electronic database, the department of social and health
24 services electronic database, and with other agencies or resources as appropriate" to determine

whether such a prohibition exists. RCW 9.41.070(2)(a). This is the extent of the statutory requirement. Without more, and in consideration of the administrative role the Washington legislature has given law enforcement agencies in recording but not interpreting restraining orders, this court finds no statutory grounds to impose a duty of thorough legal document review here. Washington law creates no duty for law enforcement agencies like the Thurston County Sheriff's Office to look beyond the text of an order, and this court declines to impose such a duty by judicial fiat.

The Thurston County Sheriff's Office had no duty to consider Driver's restraining order in a broader context. It is thus unnecessary to consider Driver's allegation that the county did not review the entirety of his divorce decree. Whether it did or did not is immaterial: state law requires no more and no less review than what the county completed. An issuing authority surely has a duty to carefully review restraining orders against applicants for concealed pistol applications, but this duty does not include holistic review beyond the text of the order itself.

### III. CONCLUSION

The 2004 restraining order clearly satisfies each of the three requirements that together trigger federal prohibition of firearm possession. It was in force at the time Driver applied for the 2013 renewal, and it therefore precluded the Thurston County Sheriff's Office from issuing him a new concealed pistol license. Thurston County cannot have wronged Driver by following federal law, and it had no duty to investigate the context surrounding the order. Nor does Driver's subsequent success in having the order rescinded affect this analysis. The moment Thurston County Superior Court rescinded the order, Driver was free to submit a new application for a concealed pistol license but failed to do so. Driver remains free to reapply today, and any alleged harms arising from his inaction may properly be laid at his feet. Driver's allegations of

negligence in the background check leading to denial, libel in reporting the denial, and infringement of his Second Amendment rights are thus without merit.

Although Driver presents no cognizable claim, the Court notes its concern about Thurston County's inconsistent treatment of the 2008 and 2013 license applications and its failure to respond to Driver's December 2013 letter. The inconsistency suggests the Thurston County Sheriff's Office should audit its application review procedures. Moreover, had the county processed Driver's final letter and clearly informed him that he was required to submit a new application, it might have preempted this dispute. However, these possible management failures within county government are immaterial to Driver's suit and do not change the fact that in 2013, the office properly denied Driver's application for a concealed pistol license.

For these reasons, Thurston County's Motion for Summary Judgment [Dkt. #24] is GRANTED, and Driver's claims against Thurston County are DISMISSED with prejudice. Driver's Motion to Compel [Dkt. #28] is DENIED as moot.

IT IS SO ORDERED.

Dated this 20th day of June, 2016.

Ronald B. Leighton
United States District Judge